**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**WENDY PORCH,**

       **Plaintiff,**

       **v.**                             **Civil Action No. 2:12cv690**

**AMERICAN K-9 INTERDICTION, LLC,**

       **And**

**JOHN KELLO,**

       **Defendants.**

**DEFENDANT JOHN KELLO'S MOTION TO DISMISS**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendant John Kello ("Kello"), by counsel, moves to dismiss Counts VI and VII of plaintiff Wendy Porch's ("Plaintiff" or "Porch") Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## I.  Introduction

Plaintiff filed this claim against former co-employee John Kello and former employer American K-9 Interdiction, LLC ("K9") alleging that Kello sexually harassed her while she was employed by K9.   In addition, she alleges K9 discriminated against her based on her gender, retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq*. ("Title VII") and the False Claims Act, 31 U.S.C. §§ 2000, *et seq*. ("FCA") , and failed to pay her in accordance with the Fair Labor Standards Act.

Plaintiff pled ten claims, only two of which were lodged against Kello.  As against Kello she pled common law claims of sexual battery (Count VI) and intentional infliction of emotional

distress (Count VII).  As against K9, she pled quid pro quo sex discrimination (Count I), failure

to promote her based on gender discrimination (Count II), hostile work environment based on

sex discrimination (Count III), retaliation under Title VII (Count IV), retaliation under the False

Claims Act (Count V), sexual battery via vicarious liability (Count VI), intentional infliction of

emotional distress via vicarious liability (Count VII), negligent retention (Count VIII), negligent

supervision (Count IX), and unpaid overtime under the Fair Labor Standards Act (Count X).

Plaintiff alleges original federal jurisdiction over Counts I-V and Count X pursuant to

28 U.S.C. § 1331 as they all invoke federal statutes.  All federal question claims are against K9

alone and not against Kello.  Porch alleges the Court may exercise supplemental jurisdiction over

the two common law counts against Kello, both of which arise out of the actions and occurrences

she alleges in Counts I (quid pro quo)  and III (hostile work environment.)

On September 7, 2011, before she filed her Complaint, Porch filed against American K-9

Interdiction a charge of discrimination with the Equal Employment Opportunity Commission

("EEOC.") A copy of the EEOC charge is Document 7-1 in the Court's file. The charge did not

include Kello as a respondent.  On September 20, 2012, the EEOC issued a standard right-to-sue

letter to Porch, and she filed a Complaint in this Court on December 18, 2012.

Porch's EEOC charge did not include allegations that are necessary elements of the *quid

pro quo* sex discrimination (Count I), hostile work environment (Count III), and Title VII

retaliation (Count IV) claims. Thus, Porch failed to exhaust her administrative remedies with

regard to Counts I, III and IV.  Because Porch failed to exhaust her administrative remedies with

regard to Counts I, III, and IV, the Court lacks subject matter jurisdiction over those counts and

they must be dismissed pursuant to Rule 12(b)(6).

2

Without jurisdiction over Counts I and III the Court lacks supplemental jurisdiction over Counts VI and VII and should also dismiss them pursuant to Rule 12(b)(1).

Additionally, the Court should dismiss Porch's intentional infliction of emotional distress claim against Kello (Count VII) under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  In Count VII, Porch claims intentional infliction of emotional distress ("outrage") against Kello.  The Complaint does not allege facts sufficient to establish that Porch suffered any severe emotional distress.  Nor does the Count allege extreme and outrageous conduct, as South Carolina law applies and holds that the tort of outrage is intended to provide relief where no other recognized torts, such as sexual battery, exist.  Without the alleged batteries, Count VII only offers lewd text messages as extreme and outrageous conduct, which is insufficient for the enhanced pleading standards of outrage.

Kello agrees with, adopts and incorporates into this Memorandum K9's argument set forth in its Motion to Dismiss and accompanying Memorandum of Law (Document 7).

## II.  Argument

### A.   Legal Standard

A Rule 12(b)(1) motion should be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991).  "[T]he burden of proving subject matter jurisdiction is on the plaintiff" and the district court "may consider evidence outside the pleadings." *Id*.; citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  The Court may therefore consider Porch's EEOC charge (Exhibit 1) in ruling on Kello's motion to dismiss Counts I, III, VI, and VII for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

A motion to dismiss for "failure to state a claim upon which relief can be granted" challenges the legal sufficiency of the Complaint. Fed.R.Civ.P. 12(b)(6); *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  The purpose for proper pleading is to give "adequate notice of the nature of the claim" to the defendant, to define the issues for trial, "and for early disposition of inappropriate complaints." *Id*.  The Court should dismiss the Complaint if its alleged facts, taken as true, fail to state a claim upon which relief can be granted. *Id*.  The United States Supreme Court has explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[L]abels and conclusions" are not sufficient to meet the pleading standard because the Court need not accept a "'legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted).

**B.     The Court Should Dismiss Counts VI and VII for Lack of Supplemental Jurisdiction Because the Court Lacks Original Jurisdiction Over the Related Counts.**

Counts VI and VII are the only Counts that Porch claims against Kello.  Porch has brought these Counts in Federal Court under supplemental jurisdiction provided by 28 U.S.C. § 1367.  Counts I and III against K9 are the only Counts which fall under federal question jurisdiction, 28 U.S.C. § 1331, and allege and rely on the same conduct by Kello as Counts VI and VII.  Therefore, the two Counts against Kello are only related to the same occurrences as Counts I and III, and supplemental jurisdiction over the claims against Kello depend on the sufficiency of Counts I and III.

A plaintiff must exhaust the administrative remedies of Title VII before filing suit. *Sydnor v. Fairfax County*, 681 F.3d 591, 593 (4th Cir. 2012); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). The exhaustion of administrative remedies is not a formality, it is a requirement set in place to achieve the legislative goals of "speedier and more effective adjudication." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005); *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F.Supp. 2d 560, 569 (E.D. Va. 2009) quoting Barbara T. Lindeman & Paul Grossman, Employment Discrimination Law 1894 (4th Ed. 2007). The court lacks subject matter jurisdiction when a plaintiff fails to exhaust the administrative remedies before filing suit. *Jones*, 551 F.3d at 300.

A plaintiff only exhausts her administrative remedies if her EEOC charge describes the conduct complained of, and the allegations in her civil suit correspond to the allegations in her charge. *Id.* at 300; *Chacko*, 429 F.3d at 508-09. A plaintiff has failed to exhaust her administrative remedies when her complaint's allegations "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof." *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4 Cir. 1995); *see also Johnson*, 682 F.Supp. 2d at 570. Therefore, a Title VII suit may only include those allegations that were "stated in the initial charge, [] reasonably related to the original complaint, [or] developed by reasonable investigation of the" EEOC charge. *Evans v. Techs. Application & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). The Title VII complaint may not present factual bases that were not included in the EEOC charge. *Bryan v. Prince George's County, Md.*, CIV.A. DKC 10-2452, 2011 WL 2650759 (D. Md. July 5, 2011) *aff'd*, 484 F.App'x 775 (4th Cir. 2012). In *Tillbery v. Kent Island Yacht Club, Inc.*, the Fourth Circuit affirmed dismissal of a suit that included allegations that were not in the EEOC charge. 461 F.App'x 288, 290.

5

"The requirement that a claimant inform the EEOC of [the scope of the claim] is not merely a technicality.  Rather, such information notifies the agency of the scope of its investigation, and ultimately, the scope of a plaintiff's right to file a federal law suit is determined by the [EEOC] charge's contents.  Moreover, among the reasons Congress enacted Title VII's exhaustion requirement was that the EEOC administrative process is typically better suited to ending discrimination than the ponderous pace of formal litigation, because the EEOC undertakes detailed investigations into potential discrimination claims before any suit is filed, both preserving judicial economy … and helping prospective plaintiffs build their case."

*Tillbery* at 290 quoting *Tillbery v. Kent Island Yacht Club, Inc.*, 2010 WL 2292499

(D.Md. 2010)

Porch's EEOC charge alleges that Kello called her a  "fucking cunt", that he told her she would not be deployed because of her sex, and that he groped her and grabbed her crotch, that she received lewd and sexually explicit text messages from an unnamed source, that another employee told her she was good only for "lying on [her] back with [her] legs in the air," and that she was fired in retaliation for her May 2011 and June 21, 2011 complaints of sexual harassment. Exhibit 1, page 2.

On the other hand, Porch's Complaint adds numerous allegations, ranging from mistreatment of animals to sexual intercourse between herself and Kello. Her EEOC charge contains few of the allegations made in the  Complaint. Counts I and III of her Complaint incorporate many of the new allegations, and under the great weight of precedent should therefore be dismissed because Porch has failed to exhaust her administrative remedies by not including them in her EEOC charge.  This Court is deprived of subject matter jurisdiction over any claim for which Porch failed to exhaust her administrative remedies.  Jones, 551 F.3d at 300. Without jurisidiction over Counts I and III, there is no claim against Kello under which the Court has original jurisdiction or upon which the Court has a claim that forms the same case or

controversy to establish supplemental jurisdiction.  Accordingly, Counts VI and VII must be dismissed for want of jurisdiction.

**C.     The Court Should Dismiss Count VII for Failure to State a Claim Because the Plaintiff Has Failed to Sufficiently Allege Any Distress and Because the Plaintiff Has Not Alleged Extreme and Outrageous Conduct.**

**1)   The Tort of Outrage Is Preempted When Other Remedies Exist.**

Intentional infliction of emotional distress, otherwise known as outrage, is a special type of tort.  It "was designed not as a replacement for the existing tort actions [but] as a remedy for tortious conduct where no remedy previously existed." Todd v. South Carolina Farm Bureau Mut.Ins., 321 S.E.2d 602,613 (S.C.App. 1984).  "The tort of outrage may also be preempted by a federal statute." *Doe v. Erskine College*, 2006 WL 1473853, *14 (D.SC. 2006), *internal citations omitted*.  In *Doe v. Erskine College*, the Court dismissed the outrage claim because "the basis for ***most of the acts*** the plaintiff claims are outrageous conduct also serve as the basis for her Title IX claim" for sexual harassment and sexual assault. *Id*., emphasis added.  In *Dotson v. Avon Products, Inc.*, the court dismissed a claim for outrage on Rule 12(b)(6) motion because the factual basis of the outrage claim was the same factual basis for her EEOC charge and her claims under the Americans with Disabilities Act.  2011 WL 891863, *6 (D.SC. 2011).  The Court found that because Dotson had a previous remedy for the allegedly tortious conduct there was no basis in law for an outrage claim and therefore the claim had been preempted. *Id*.

Porch's outrage claim should likewise be preempted by Title VII of the Civil Rights Act of 1964 and by South Carolina's tort of battery.  The basis for her outrage claim serves as the same bases for both her Title VII claims and for her Count VI claim for sexual battery, a situation analogous to that presented in *Dotson*.  Unlike the claim in *Doe v. Erskine College*, where only most of the basis for the outrage claim formed the same basis of the Title IX claim,

Porch has presented an outrage claim in which all of the allegations also form the basis for her

Title VII claim, and most of them form the basis of different common law law.  Because the tort

of outrage was intended to provide a remedy for tortious conduct where no remedy previously

existed, *Todd*, 321 S.E.2d 602, and because remedies for the allegedly tortious conduct in this

case already exist under Federal and South Carolina law, the tort of outrage is inappropriate and

should be dismissed.

**2)  Count VII Fails as a Matter of Law Because It Does not Allege Any Conduct That Was So Extreme and Outrageous As to Exceed All Possible Bounds of Decency and Must Be Regarded as Atrocious and Utterly Intolerable In a Civilized Community.**

To plead a claim for outrage, a plaintiff must allege that,

(1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct, (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was severe so that no reasonable man could be expected to endure it.

*Ford v. Hutson*, 276  S.C. 157, 276 S.E.2d 776, 778 (S.C. 1981), *internal quotations and*

*citations omitted*.  South Carolina requires a "heightened burden of proof for the second and

fourth elements of outrage. *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 650 S.E.2d 68, 71

(S.C. 2007).  "[I]nsistence that the conduct be extreme and outrageous is no mere happenstance."

*Garland v. Mid-South Investors II, Inc.*, 2012 WL 6840544, *4 (D.SC Beaufort Div. 2012),

quoting *Corder v. Champion Road Machinery Intern. Corp.*, 283 S.C. 520, 324 S.E.2d 79, 80

(S.C.Ct.App. 1984).  "[T]he quality of the defendant's conduct is to be judged by an objective

standard, i.e., whether it can reasonably be considered extreme, outrageous, and utterly

intolerable in a civilized community."*Corder*, 324 S.E.2d at 81, citing *Todd v. South Carolina*

*Farm Beureau Mutual Ins. Co.*, 321 S.E.2d 602, 609 (S.C.App. 1984).  Likewise, Virginia

applies a tough standard for intentional infliction of emotional distress, because "'[i]f everyone

was allowed damages for injuries to his feelings…the chief business of mankind might be

fighting each other in the courts.'" *Barret v. Applied Radiant Energy Corp.*, 240 F.3d 262, 269 (4

Cir. 2001), quoting *Ruth v. Fletcher*, 237 Va. 366, 377 S.E.2d 412, 415 (Va. 1989).

Should the Court hold that any of Porch's outrage claim remains despite preemption by

Title VII of the Civil Rights Act of 1964, the claim would be insufficient as a matter of law.

Because the only conduct she alleges to support Count VII is "the batteries and lewd text

messages," Complaint ¶98, and because she clearly has a remedy for batteries already, as

evidence by her Count VI Battery Claim against Kello, she can only allege the sending of lewd

text messages as extreme and outrageous conduct. See *Todd v. South Carolina Farm Bureau*

*Mut. Ins.*, 321 S.E.2d at 613 (holding that because another tort was available to remedy some of

the alleged conduct, that conduct could not support a cause for outrage).  Furthermore, no where

in the EEOC charge does Porch allege Kello sent the allegedly lewd text messages.

South Carolina precedents are silent on the issue of whether lewd text messages are

sufficiently extreme and outrageous, as are the precedents of most other states.  Only in a few

instances have text messages, typically those of a threatening nature, been used in conjunction

with other allegations to claim intentional infliction of emotional distress.  In *Hernandez v.*

*Partners Warehouse Supplier Services, LLC*, one of the plaintiffs alleged that the defendant's

agent threatened him, followed him, photographed him, twice broke into his vehicle, and

"threatened him via phone messages and text messages for 10 months—sometimes by as many

as 10 texts a day." 2012 WL 3582971, *9 (N.D. Ill. 2012).  The Court held this conduct to be

extreme. *Id*.  However in *Dyer v. City of Tempe*, the Court held that the sending of threatening

and upsetting text messages to a woman with a known condition requiring her to have a stress

free environment is not a sufficient allegation of extreme and outrageous conduct. 2010 WL

4511009, *3-4 (D.Ariz. 2010).

In this case, the alleged text messages were not threatening but merely alledgedly lewd.

Additionally, text messages can easily be ignored or deleted, which partially explains why

reasonable people do not consider the sending of a lewd text message to be outrageous conduct.

While such conduct would have been considered so extreme and outrageous as to transgress all

possible bounds of a civilized society amongst the Puritans of 17th Century New England, and it

might still be considered so in modern enclaves of fundamentalist society, it is merely considered

rude and undesirable in the 21st Century Western World.  Therefore it is insufficient to support a

claim of outrage.   Thus, Porch's claim against Kello for intentional infliction of emotional

distress falls short of necessary elements and should be dismissed under Rule 12(b)(6).

### 3) Count VII Fails to State a Claim Because It Does not Allege That Porch Suffered Emotional Distress So Severe That No Reasonable Person Could Be Expected to Endure It.

As stated above, South Carolina requires a "heightened burden of proof" for the second

and fourth elements of outrage.  *Hannson*, 650 S.E.2d at 71.  "[W]here physical harm is lacking,

the courts should look initially for more in the way of extreme outrage as an assurance that the

mental disturbance claimed is not fictitious." *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776, 780

(S.C. 1981).  In Hannson, the plaintiff stated that he had lost sleep and had begun grinding his

teeth necessitating two trips to the dentist and "a couple of hundred dollars" in dental bills.

*Hannson*, 650 S.E.2d at 72.  The court held that these facts were insufficient as a matter of law to

establish the fourth element of outrage, because the distress described was "fairly ordinary

symptoms" and therefore fell short of severe emotional distress. *Id*.; see also *AJG Holdings LLC

v. Dunn*, 392 S.C. 160, 708 S.E.2d 218, 224 (holding that high blood pressure, digestive

problems, "shot" nerves, weight loss, and the expenses of medication are not sufficiently severe for an outrage claim).

In this case, Porch has not alleged any specific facts of distress.  She has only alleged that she "suffered emotional distress so severe that no reasonable person could be expected to endure it." Complaint ¶103.  This is exactly the type of conclusory allegation which does not support an outrage claim.  Without alleging any specific facts of distress, neither the defendants nor the Court can properly test her claim's sufficiency as a matter of law.  Therefore, she has failed to state claim upon which relief can be granted and Count VII should be dismissed.

Likewise, as noted above, Virginia applies a tough standard for intentional infliction of emotional distress.  In *Russo v. White*, the court held insufficient the plaintiff's alleged nervousness, sleeplessness, stress "and 'its physical symptoms,' a withdrawal from activities, and inability to concentrate because it was "not the type of extreme emotional distress that is so severe that no reasonable person could be expected to endure it." 241 Va. 23, 28, 400 S.E.2d 160, 163 (Va. 1991).  Furthermore, in *Bryan v. Fultz*, the court held insufficient a plaintiff's allegations that she wept when recounting the conduct, cried all night long, became emotional and tearful whenever recounting the conduct, was diagnosed as having acute stress disorder, and completely withdrew from all intimacy with her husband for four months to include physical revulsion at even being touched. 2009 WL 334441, *2 (E.D. Va. Alexandria Div. 2009).  After reviewing Virginia's law on the subject, the *Bryan* court found that severe emotional distress exists when the symptoms are so severe that it amounts to "life altering emotional distress" whereby a plaintiff is rendered incapable of "'carrying out any of her work of (sic) family responsibilities.'" Id. at *2-3, quoting *Almy v. Grisham*, 273 Va. 68, 80, 639 S.E.2d 182, 188 (Va. 2007).

Therefore, Porch's claim is equally insufficient under Virginia law because it alleges nothing specific, and hence does not come close to the severity of emotional distress required.  It is a "'legal conclusion couched as a factual allegation'" and therefore does not meet the pleading standard established in *Twombly*. 550 U.S. at 555.

Her claim fails under either South Carolina law or Virginia law and must be dismissed for failure to state a claim upon which relief can be granted.

### III.  Conclusion

For the reasons stated above, Defendant Kello moves that this Court dismiss both Count VI  (sexual battery) and Count VII (intentional infliction of emotional distress) filed against him for want of jurisdiction and for failure to state a claim upon which relief can be granted.  He also adopts the legal argument set forth in American K-9 Interdiction's Motion to Dismiss and Supporting Memorandum and requests the Court dismiss Counts I, III, IV, V, VI, VII, VIII and IX for the reasons set forth therein.


JOHN KELLO



By /s/  Deborah C. Waters
Deborah C. Waters, Esquire
VSB No. 28913
Waters Law Firm, P.C.
Town Point Center, Suite 600
Norfolk, VA  23510
Telephone:  757.446.1434
Facsimile:  757.446.1438
dwaters@waterslawva.com
Counsel for Defendant John Kello

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which  will then send a notification of such filing  (NEF) to the following:

John C. Cook, Esquire
Lee B. Warren, Esquire
Broderick C. Dunn, Esquire
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA  22030


Arlene F. Klinedinst, Esquire
Anne G. Bibeau, Esquire
Michael P. Giordano, Esquire
Vandeventer Black LLP
101 West Main Street, Suite 500
Norfolk, VA  23510

/s/Deborah C. Waters
Deborah C. Waters, Esquire
VSB No. 28913
Waters Law Firm, P.C.
Town Point Center, Suite 600
Norfolk, VA  23510
Telephone: 757.446.1434
Facsimile:   757.446.1438
dwaters@waterslawva.com
Counsel for Defendant John Kello