## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**WENDY PORCH,**

    **Plaintiff,**

    **v.**                                                          **Civil Action No. 2:12cv690**

**AMERICAN K-9 INTERDICTION, LLC,**

    **and**

**JOHN KELLO,**

    **Defendants.**

### DEFENDANT JOHN KELLO'S REPLY BRIEF
### IN SUPPORT OF HIS MOTION TO DISMISS

In his motion to dismiss certain counts of Plaintiff Wendy Porch's ("Ms. Porch") Complaint, Defendant John Kello ("Mr. Kello") demonstrated that the Court lacks subject matter jurisdiction over Counts I and III because Ms. Porch failed to exhaust her administrative remedies with respect to those claims. Mr. Kello also demonstrated that Counts VI and VII failed to state claims upon which relief can be granted. Mr. Kello now addresses Ms. Porch's opposition to his motion.

### ARGUMENT

**A.**     **This Court Lacks Supplemental Jurisdiction over the Claims against Mr. Kello. (Counts VI and VII)**

    **1.**     **Ms. Porch Failed to Exhaust Her Administrative Remedies with Respect to Counts I and III.**

Mr. Kello previously demonstrated that the only claims Ms. Porch has brought against him are Count VI and Count VII for sexual battery and intentional infliction of emotional

distress ("outrage") respectively.  Supplemental jurisdiction for these state law claims depends on the existence of jurisdiction over Ms. Porch's claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").  Complaint at ¶2(c).  Specifically, Counts I and III for *quid pro quo* sex discrimination and hostile work environment respectively are the only two Title VII claims that allege the same facts that Counts VI and VII allege; therefore supplemental jurisdiction over the claims against Mr. Kello depend on the existence of federal question jurisdiction over Counts I and III.

Both Mr. Kello and Defendant American K-9 Interdiction, LLC ("AK9I") demonstrated in their briefs supporting their Motions to Dismiss that Ms. Porch failed to exhaust her administrative remedies as required by Title VII. Kello's Brief in Support at 4-7; AK9I's Brief in Support at 4-7.  AK9I further demonstrated Ms. Porch's failure to exhaust her administrative remedies in its Reply Brief to Ms. Porch's opposition to AK9I's Motion to Dismiss. AK9I's Reply Brief at 1-9.  Rather than repeat all of the arguments already set forth, Mr. Kello incorporates them into his Reply to Ms. Porch's Opposition to his Motion to Dismiss ("Opposition").  As Ms. Porch's two opposition briefs to the two Motions to Dismiss are identical with regard to the exhaustion of remedies issue, Mr. Kello also lends his voice to AK9I's Reply Brief and incorporates it herein.

The question regarding exhaustion is whether the addition of so many extra allegations in Ms. Porch's Civil Complaint that did not appear in her EEOC Complaint has exceeded the scope of the EEOC Complaint.  If the central factual allegations supporting the claim differ as between the charge and the complaint then a plaintiff has not exhausted her administrative requirements. *Chacko v. Patuxent Institution*, 429 F.3d 505, 512-13 (4th Cir. 2005); *Coles v. Carilion Clinic*, 2012 WL 2884917, at *4 (E.D.Va. Jauly 13, 2012).  Ms. Porch's Opposition essentially argues

2

that because she included allegations of sexual harassment, sexual discrimination, a hostile work environment and retaliation in her EEOC Complaint everything else she put into her Civil Complaint that is conceivably related to those genres is permissible.  Mr. Kello submits that regardless of from which tree of evils the alleged conduct falls, the nature and scope of Ms. Porch's Complaint drastically changed between her EEOC filing and her Civil Complaint.

The inclusion of sexual intercourse and *quid pro quo* sexual harassment in her Civil Complaint is clearly a game changer, even without the expanded retaliation and hostile work environment claims.  While the scope of her complaint may still fall under the same subject heading it has shot to whole new level.  The conduct she originally described in the EEOC complaint that established the scope of the administration investigation has become mere details in a breathtaking web of allegations the centerpiece of which is the *quid pro quo* sexual harassment and intercourse.  Any reasonable person would have included these allegations in the EEOC Complaint; but Ms. Porch inexplicably omitted them.  To find that Ms. Porch has exhausted her administrative remedies when she left so many important aspects out of the EEOC Complaint which should have defined the investigation rendered the administrative grievance process a mere formality on the way to Court, rather than a requirement set in place to achieve important legislative goals.  See *Chacko*, 429 F.3d 510; see also *Johnson v. Porfolio Recovery Assocs., LLC*, 682 F.Supp.2d 560, 569 (E.D.Va. 2009).  Her Complaints should be dismissed.

**2.     If The Court Dismisses Counts I and III, The Court Lacks Supplemental Jurisdiction over the Claims against Mr. Kello. (Counts VI and VII)**

The Court may, "in its discretion, exercise supplemental jurisdiction over additional state claims" if it has "valid jurisdiction over a federal claim" and if the federal and state claims arose out of "a common nucleus of operative fact." *White v. County of Newberry, S.C.*, 985 F.2d 168, 171 (4th Cir. 1993), quoting *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

"[S]upplemental jurisdiction does not encompass claims when one count is 'separately maintainable and determinable without any reference to the facts alleged or contentions stated in or with regard to the other count.'" *Id.* quoting *Hales v. Winn-Dixie Stores, Inc.*, 500 F.2d 836, 848 & n. 12 (4th Cir. 1974).

Porch argues should the Court dismiss Porch's Title VII counts (including Counts I and III) then the Court may still exercise supplemental jurisdiction over Counts VI and VII because it is sufficiently related to Counts VIII and IX.  Plaintiff's Opposition at 12.  Plaintiff argues that this relationship exists because Counts VI, VII, VIII, and IX must all prove as an element that Mr. Kello abused a supervisory position over Ms. Porch. *Id.*  Whether Plaintiff is correct about the relationship between Counts VI, VII, VIII, and IX is irrelevant because her Complaint bases jurisdiction for all four counts on supplemental jurisdiction "because they rely on facts congruent with Plaintiff's Title VII claims." Complaint at ¶2(c).  Therefore, if the Court dismisses the Title VII claims, it will lack supplemental jurisdiction over not only the two claims against Mr. Kello but also over Counts VIII and IX.

Even if the Court had supplemental jurisdiction over Counts VIII and IX based on some other related federal claim, and the Court were to find the claims against Mr. Kello were sufficiently related, supplemental jurisdiction would still be improper.  The Fourth Circuit's test is to first determine whether the Court has a valid federal claim, and then to determine whether the state claim is related to that federal claim. *White*, 985 F.2d at 171.  Even if there was alternate supplemental jurisdiction over Counts VIII and IX, that would not make them federal claims for purposes of establishing further supplemental jurisdiction over other counts.

4

Furthermore, as Defendant AK9I explained in its Brief in Support, and in its Reply Brief, Counts VIII and IX should be dismissed because the South Carolina Workmen's Compensation Act preempts them.  Mr. Kello therefore adopts and lends his support to that analysis.

### 3. This Court Should Decline to Retain Jurisdiction over the Claims against Mr. Kello.

Plaintiff cites *Shanaghan v. Cahill* for the proposition that the Court has discretion to exercise supplemental jurisdiction even if there are no federal claims before it. Opposition at 13, citing 58 F.3d 106, 110 (4 Cir. 1995), (citing 28 U.S.C. § 1367).  However, in Plaintiff's discussion of the factors a court should consider, she omitted the crucial factor of where the case is procedurally.  The United States Supreme Court held that when the federal claims are dismissed "at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction" when it is based on supplemental jurisdiction. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988).  The Supreme Court based the holding upon its previous analysis in *United Mine Workers of America v. Gibbs*, in which it said, "[c]ertainly, if the federal claims are dismissed before trial…the state claims should be dismissed as well." 383 U.S. at 726.  In *Gibbs*, the Court also held that "[n]eedless decisions of state law should be avoided" and "if it appears that the state issues substantially predominate…the state claims may be dismissed without prejudice." *Id*.  The crux of the various Supreme Court holdings is that federalism strongly discourages a United States District Court from exercising jurisdiction over state law claims without a compelling reason.  Where supplemental jurisdiction is the basis for the state law claims, but the federal claims are dismissed before discovery has begun, the compelling reason is almost certainly absent.

In *Shanaghan*, the federal claims were dismissed on a motion for summary judgment after the answer had been filed, when the case was in its second year and discovery had revealed

a lack of evidence to support the federal claim. 58 F.3d at 108.  Likewise, in *Daly v. Zobel*, the

Fourth Circuit held that the District Court did not abuse discretion in retaining jurisdiction where

the court was already "familiar with the facts and issues in the case, the action had progressed to

the summary judgment stage, and a remand to state court would be a waste of judicial

resources." 311 Fed.Appx. 565, 567 (4th Cir. 2008).  Unlike either *Shanaghan* or *Daly*, answers

have not even been filed in this case, no discovery has been taken, and the only activity has been

the Complaint and subsequent Motions to determine the legal sufficiency of that Complaint.  In

this case there is a powerful reason to dismiss due to the early stage of the action, "[c]ontinuing

the case here is no more convenient or fair to the parties than allowing a state court action to go

forward," and it is more economical to the federal judiciary to allow the claims to proceed in

state court.  *Grant v. Adventist Health System Sunbelt Health Care Corp.*, 2010 WL 1237624, *6

(W.D.N.C. 2010).

**B.**     **Ms. Porch Has Not Stated a Claim for Intentional Infliction of Emotional Distress.**

**1.**     **Plaintiff's Claim for the Tort of Outrage is Preempted by Alternate
            Available Remedies. (Count VII)**

Ms. Porch argues that her claim for outrage has not been preempted by demonstrating

that South Carolina would not so hold were the alternate remedy against Mr. Kello based in

statute.  However, her alternate remedy against Mr. Kello is the tort of battery, which is a

common law claim, not a remedy based in statute.  Ms. Porch cites *Frazier v. Badger* for the

proposition that "in South Carolina, causes of action created by statute do not 'preempt' a claim

for outrage." Opposition at 15, citing 361 S.C. 94, 104-105, 603, S.E.2d 587 (S.C. 2004).

*Frazier* did hold that a Plaintiff could maintain an outrage claim against a defendant even though

she had a statutory right to file a civil rights complaint. 361 S.C. at 105.  However, the South

Carolina Supreme Court was clear that "because this is a right created by statute and not the

common law of torts" Frazier could maintain her suit for outrage. *Id*. Furthermore, unlike the case at bar, Frazier had not filed a civil rights complaint or any other claim; her only claim was outrage. See *Id*. If Ms. Porch wishes to restrict South Carolina holdings to the facts of the individual cases then the *Frazier* holding should be restricted to cases in which the Plaintiff has foregone statutory remedies and only claimed outrage. Opposition at 17.

Should the Court decide that Ms. Porch's outrage claim is not preempted by Title VII of the Civil Rights Act of 1964, then the portion of her claim that bases outrage on the alleged intercourse and groping is still preempted by the tort of battery, which she has also claimed. See *Todd v. South Carolina Farm Bureau Mut. Ins.*, 321 S.E.2d at 613 (holding that because another tort was available to remedy some of the alleged conduct, that conduct could not support a cause for outrage). In claiming that "Mr. Kello, by the batteries and lewd text messages described herein, intentionally inflicted emotional distress" upon her, she has positively indicated that her claim for outrage is founded in part on another available remedy at common law. Complaint at ¶98. Because her claim for battery arises from South Carolina's common law of torts it is precisely the alternate remedy that preempts the disfavored tort of outrage. Even if she had not included a claim for battery based on the alleged intercourse and groping, she still could not use these allegations to support her outrage claim because there is an available pre-existing remedy at common law. For these reasons she cannot claim outrage based on the alleged batteries.

**2.      Ms. Porch Failed to Identify Both Sufficiently Outrageous Conduct And Severe Emotional Distress**

As explained above, Ms. Porch cannot base her outrage claim on battery. Complaint at ¶98. Therefore, the only remaining allegation to support her outrage claim against Mr. Kello is the "lewd text messages." Id. Mr. Kello's Brief in Support of his Motion to Dismiss has already explained why lewd text messages are insufficiently extreme and outrageous to satisfy the

heightened standards for the conduct element of an outrage claim. Kello's Brief in Support at 8-10.  Ms. Porch's Opposition does not address the question of whether lewd text messages are sufficient to satisfy the heightened standards for the extreme and outrageous conduct element of an outrage claim.[1] Opposition at 15-16.  Therefore, Mr. Kello incorporates his arguments previously made with regard to the extreme and outrageous element of the tort of outrage. Kello's Brief in Support at 8-10.

Plaintiff's Opposition Brief also failed to address the issue of whether Ms. Porch pled facts sufficient to establish the element of severe emotional distress. Opposition at 15. She did however indicate in a footnote that she requests leave to amend if the Court finds that she did not sufficiently plead that element. Id.  Therefore, Mr. Kello incorporates his arguments previously made with regard to the severe emotional distress element of the tort of outrage. Kello's Brief in Support at 10-12.

## CONCLUSION

For the reasons stated above, Defendant Kello moves that this Court to dismiss both Count VI (sexual battery) and Count VII (intentional infliction of emotional distress) filed against him for want of jurisdiction and for failure to state a claim upon which relief can be granted.  He also adopts the legal argument set forth in American K-9 Interdiction's Motion to Dismiss and Supporting Memorandum and in American K-9 Interdiction's Supporting Reply Brief and requests the Court dismiss Counts I, III, IV, V, VI, VII, VIII and IX for the reasons set forth therein.

---

[1] Plaintiff's Opposition argues instead  that lewd text messages, intercourse, and groping are pervasive actions of gross sexuality and discriminatory reductiveness taken in reliance on a workplace relationship that a South Carolina jury could reasonably find outrageous. Opposition at 15-16.

JOHN KELLO,

By /s/   Deborah C. Waters
Deborah C. Waters, Esquire
VSB No. 28913
Waters Law Firm, P.C.
Town Point Center, Suite 600
Norfolk, VA 23510
Telephone:     757.446.1434
Facsimile:     757.446.1438
dwaters@waterslawva.com
Counsel for Defendant John Kello


## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Cook, Esquire
Lee B. Warren, Esquire
Broderick C. Dunn, Esquire
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030

Arlene F. Klinedinst, Esquire
Anne G. Bibeau, Esquire
Michael P. Giordano, Esquire
Vandeventer Black LLP
101 West Main Street, Suite 500
Norfolk, VA 23510

/s/  Deborah C. Waters
Deborah C. Waters, Esquire
VSB No. 28913
Waters Law Firm, P.C.
Town Point Center, Suite 600
Norfolk, VA 23510
Telephone:     757.446.1434
Facsimile:     757.446.1438
dwaters@waterslawva.com
Counsel for Defendant John Kello